## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
                                              )
PETER BARKER,                                 )
                                              )
        Plaintiff,                            )        Civ. A. No. 1:15-cv-11573-IT
                                              )
v.                                            )        **JURY DEMANDED**
                                              )
LEGAL SEA FOODS, LLC,                         )
                                              )
        Defendant.                            )
_____)

## FIRST AMENDED COMPLAINT

**I.**      **INTRODUCTION**

        1.      This is an action for violation of the Family and Medical Leave Act

("FMLA"), 29 U.S.C. § 2601 *et seq.*, as well as retaliation for the plaintiff's

assertion of rights under the Act.  Additionally, Defendant has violated Mass.

Gen. L. c. 149 § 148A by retaliating against Plaintiff for objecting to Defendant's

requiring him to pay back wages paid to him or deducting from his accrued leave

bank, which Plaintiff believed was illegal.  As set forth below, Plaintiff Peter

Barker worked for more than six years for Defendant Legal Sea Foods, Inc., first

as a server and then as a manager.  After exercising his rights under the FMLA

to take time off to care for his wife who was being treated for cancer, when he

returned to work he was not returned to an equivalent position to the one he held

prior to his leave of absence.  Further, while on leave, Plaintiff objected to

Defendant's requiring him to pay back money he had received from the company

1

while on leave and deducting from his accrued leave bank, which he believed

was illegal.  Not long after his return to work, he was terminated for a pretextual

reason.  Plaintiff seeks back pay, front pay, lost benefits, emotional distress,

attorneys' fees, and costs, as a result of Defendant's violation of his rights under

the FMLA and M.G.L. c. 149 § 148A and his unlawful discharge.

## II.      PARTIES

2.      Plaintiff Peter Barker is an adult resident of Chestnut Hill,

Massachusetts.  Mr. Barker worked for Defendant from 2008 to January 2015.

3.      Defendant Legal Sea Foods, LLC ("Legal Sea Foods") operates a

number of restaurant locations along the Eastern Seaboard and has its principal

place of business in Boston, Massachusetts.

## III.     JURISDICTION

4.      Pursuant to 28 U.S.C. § 1331, this Court has general federal

question jurisdiction over Plaintiff's claims, which are brought under the federal

Family and Medical Leave Act (FMLA), 29 U.S.C. §2601 *et seq.*

5.      This Court has supplemental jurisdiction over Plaintiff's state law

claims pursuant to 28 U.S.C. § 1367 because these claims are so related to

Plaintiffs' claims under the FLMA that they form part of the same case or

controversy.

## IV.     FACTUAL ALLEGATIONS

6.      Plaintiff Peter Barker worked for Defendant Legal Sea Foods, Inc.

at several different restaurant locations in Massachusetts beginning in June

2008. He initially worked as a server and was promoted to manager in March 2010, a position he held until his termination in January 2015.

7.      Throughout his employment at Legal Sea Foods, Mr. Barker had an excellent work record. He received minimal warnings or discipline over the course of more than six years of employment.

8.      In July 2014, Mr. Barker exercised his rights under the FMLA to take time off to care for his wife, who was suffering from cancer. He was out of work for eight weeks.

9.      Mr. Barker initially received a paycheck during his leave and was made to understand by his supervisor that the company was offering him paid leave as a courtesy.

10.      Mr. Barker was later informed that he had initially received the paycheck in error and was told that the he could pay back all the monies he had received (most of which he had already spent) or agree to have his accrued vacation time counted toward the leave.

11.      Mr. Barker objected to Legal Sea Food's demand that he pay back the monies and objected to the company deducting from his accrued vacation time. After a contentious meeting with company personnel, Mr. Barker agreed to have the vacation time counted towards his leave.

12.      At the time he left on his FMLA leave, Mr. Barker was working for Legal Sea Foods as a manager at one of its busy locations, Harborside.

13.     When Mr. Barker returned to work after his leave in early September, Defendant placed him at its Hingham location, which is Legal Sea Foods' least busy restaurant location in the area.

14.     Managers at Legal Sea Foods receive bonuses based on the overall gross sales of the location where they work.  Thus, it is to their benefit, and more desirable, to work at a high-performing, high-volume restaurant location.

15.     At the Hingham location, Mr. Barker had less opportunity for bonus income than he had at the Harborside location.

16.     Not long after his FMLA leave, in January 2015, Mr. Barker was terminated.

17.     Defendant informed him that he was terminated because of his handling of an incident in December 2014 involving an intoxicated guest. However, Mr. Barker handled the situation responsibly and in accordance with instructions he had received regarding how to handle intoxicated guests during his time working at Legal Sea Foods' Harborside location.

18.     Mr. Barker asserts that Defendant's proffered reason for terminating him was pre-textual and that he was fired in retaliation for having taken an FMLA leave, in violation of 29 U.S.C. § 2615(a).

19.     Mr. Barker further asserts that Defendant terminated him in retaliation for objecting to Defendant's requiring him to pay back to Defendant money that had been paid to him or deducting from his accrued leave bank, which he believed was illegal, in violation of Mass. Gen. L. c. 149 § 148A.

4

20.     As a result of his termination, Mr. Barker has suffered lost wages and emotional distress.

## COUNT I

### 29 U.S.C. § 2615(a)(1)

As set forth above, Defendant has violated 29 U.S.C.A. § 2615(a)(1) by failing to return Plaintiff to an equivalent position following his FMLA leave, as required by § 2614(a), which states that an individual must receive "equivalent employment benefits, pay, and other terms and conditions of employment" upon their return from leave.

## COUNT II

### 29 U.S.C. § 2615(a)(2)

As set forth above, Defendant has violated 29 U.S.C.A. § 2615(a)(2) by discharging Plaintiff in retaliation for taking protected FMLA leave pursuant to 29 U.S.C. § 2600, *et seq.*

## COUNT III

### Mass. Gen. L. c. 149 § 148A

As set forth above, Defendant has violated M.G.L. c. 149, § 148A by retaliating against Plaintiff for objecting to Defendant's requiring him to pay back to Defendant money that had been paid to him or deducting from his accrued leave bank, which he believed was illegal.

WHEREFORE, Plaintiff respectfully requests this Court to award damages for all wages or other forms of restitution in the form of lost pay, reinstatement, emotional distress, attorneys' fees, and interest, and for such other and further relief as this Court deems just and proper due to Defendant's unlawful conduct.

**<u>PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.</u>**

Respectfully submitted,

PETER BARKER,

By his attorneys,

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan, BBO # 640716
Adelaide Pagano, BBO # 690518
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994–5800

Dated:          April 14, 2015